# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: September 12, 2016

```
* * * * * * * * * * * * * *   *
TRENT ALVAREZ and JAMIE          *      UNPUBLISHED
ALEXANDER, as the Legal Representatives*
of their Minor Daughter, K.A.,   *      No. 11-210V
                                 *
              Petitioners,       *      Chief Special Master Dorsey
                                 *
v.                               *      Attorneys' Fees and Costs; Reasonable
                                 *      Amount to Which Respondent Does Not
SECRETARY OF HEALTH              *      Object.
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * *   *
```

Curtis R. Webb, Twin Falls, ID, for petitioners.
Glenn MacLeod, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 4, 2011, Trent Alvarez and Jamie Alexander ("petitioners") filed a petition for compensation in the National Vaccine Injury Compensation Program on behalf of their minor child, K.A.[2] Petitioners allege that K.A. developed Hemolytic Uremic Syndrome ("HUS") as a result of receiving the Hepatitis A ("Hep A"), the measles-mumps-rubella-varicella ("MMRV"), and the pneumococcal conjugate ("PCV") vaccinations on May 5, 2008. Petition at ¶¶ 2-3.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On March 14, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. On March 15, 2016, the undersigned issued a decision finding the terms of the joint stipulation reasonable and adopting it as the decision of the court in awarding damages.

On July 21, 2016, petitioners filed an application for attorneys' fees and costs, stating that petitioners incurred $271,226.30 in attorneys' fees and $62,186.39 in attorneys' costs, totaling $333,412.69. Petitioners' Application ("Pet'rs' App.") at 1-2. In accordance with General Order #9, petitioners stated that did not incur any costs in the prosecution of the petition. Petitioners' Statement Concerning Costs dated September 12, 2016 (ECF No. 156). On August 26, 2016, respondent filed a response to petitioners' application, stating her general objections to the amount of fees and costs requested. Respondent's Response ("Resp's Resp.") dated August 26, 2016 (ECF No. 154). Respondent further stated her belief that a reasonable amount of attorneys' fees and costs in this case would be between $167,000.00 to $285,000.00. Id. at 3-4.

On August 29, 2016, petitioners filed an amended motion requesting an amount of $285,000.00 in attorneys' fees and costs. Pet'rs' Amended Application ("Pet'rs' Am. App.") dated August 29, 2016 (ECF No. 155). Petitioners stated that respondent "does not object to the overall mount sought," and "believes [$285,000.00] is not an unreasonable amount to have been incurred for proceedings in this case to date." Pet'rs' Amended Mot. at 1 (referencing Resp's Resp. at 3).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. §§ 300aa-15(e). On review of petitioners' application and billing records, and taking into account the reduction in total fees and costs applied by counsel, the undersigned finds reasonable the number of hours expended, rates requested, and costs incurred. The undersigned agrees with respondent that this is a reasonable amount and thus **GRANTS** petitioners' amended motion for attorneys' fees and costs.

**Accordingly, an award should be made as follows:**

1) **A lump sum of $285,000.00 in the form of a check payable jointly to petitioners and their counsel of record, Curtis R. Webb, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.